IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60339
Summary Calendar
_____

DEAN MICHAEL FOLEY,

                                        Plaintiff-Appellee,

                    versus

UNIVERSITY MEDICAL CENTER,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:98-CV-219-LN

_____

************************************************************
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60405
Summary Calendar
_____

DEAN MICHAEL FOLEY,

                                        Plaintiff-Appellee,

                    versus

UNIVERSITY MEDICAL CENTER,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Mississippi

March 14, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

The jury awarded Dean Michael Foley damages for race and sex discrimination, and the district court awarded him attorney fees in this Title VII case. The University of Mississippi Medical Center argues that the evidence was insufficient to support the verdict and damages, and that the district court committed error in its award of attorney's fees. We AFFIRM.

The Medical Center appeals from the district court's denial of its alternative motions for judgment as a matter of law or for a new trial. We review a denial of a motion for judgment as a matter of law *de novo*. *See Scott v. University of Mississippi*, 148 F.3d 493, 503-4 (5th Cir. 1998). When a case was tried to a jury, we examine the sufficiency of the evidence by considering all the evidence and drawing reasonable inferences in a light favorable to the verdict. *See id.* We review the denial of a motion for a new trial for abuse of discretion. *See Sibley v. LeMaire*, 184 F.3d 481, 486 (5th Cir. 1999).

Foley was employed as a nurse at the University of Mississippi Medical Center. He was terminated by his supervisor after having his license restricted for patient abuse. He alleged that

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nonwhite female nurses with restricted licenses were not terminated. The Medical Center urges us to reverse the jury's verdict because Foley failed to prove a prima facie case of discrimination, as the other nurses were not similarly situated employees. When a case has been tried to a jury, we do not examine the verdict through the *McDonnell Douglas* burden-shifting framework but decide whether the plaintiff met his ultimate burden of proving discrimination. *See Scott*, 148 F.3d at 504. The Medical Center argues that the nonwhite female nurses were not similarly situated to Foley, because the restrictions imposed upon their licenses were less extensive. The director of nursing testified in her deposition that she terminated Foley because his license was restricted rather than because of the features of the restrictions. Foley offered as comparators nonwhite female nurses with restricted licenses who were retained by the Medical Center. A rational jury could have found that Foley was treated differently than similarly situated nonwhite females because of his race and gender and disbelieved the Medical Center's proffered nondiscriminatory reason for its actions. We agree with the district court that the evidence supports the verdict.

The jury awarded Foley $ 70,000 in damages, and the Medical Center argues that the amount of the award is not supported by the evidence. The Medical Center did not present this issue to the district court. We do not consider issues not presented to the trial court. *See Ferguson v. FDIC*, 164 F.3d 894, 897 (5th Cir. 1997).

We review the district court's initial determination of attorney fees for clear error, and its adjustments to the lodestar amount for abuse of discretion. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). The Medical Center argues that the district court should not have awarded fees for time spent on Foley's grievance hearing with the Medical Center. In fact, the district court agreed with the Medical Center and did not consider these hours. The court did, however, consider hours spent on Foley's EEOC charges, to which the Medical Center also objects. Fees should be awarded for time spent on the litigation only. *See Webb v. Dyer County Bd. of Educ.*, 471 U.S. 234, 242 (1985). We see no error here, since an EEOC filing is a prerequisite to a Title VII claim.

AFFIRMED.